UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Damon Corey Long,<br><br>　　Petitioner<br><br>v.<br><br>United States of America,<br><br>　　Respondent | Case No. 2:24-cv-00365-JAD-MDC<br><br>**Order Dismissing and<br>Closing Case**<br><br>[ECF No. 1-1] |

*Pro se* Petitioner Damon Corey Long filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Long has not properly commenced this action by either paying his filing fee or filing an *in forma pauperis* ("IFP") application.[2] Rather than allowing Long a chance to correct this deficiency, I dismiss Long's petition without prejudice in light of the petition's other defects.

**Background**

On May 13, 2013, Long pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in case number 2:13-cr-00041-GMN-GWF.[3] Long was sentenced to 92 months in prison plus 3 years of supervised release. On January 21, 2022, while Long was on supervision, the State of Nevada charged him with battery with the use of a deadly weapon resulting in bodily harm in case number C-22-362543-

---

[1] ECF No. 1-1.

[2] Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the fee if he or she submits an "IFP" application and includes a financial declaration and acknowledgement showing an inability to prepay fees and costs, a financial certificate, and a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

[3] I take judicial notice of the docket in case number 2:13-cr-00041-GMN-GWF.

2.[4]  According to Long, "[t]he State agreed to no opposition to concurrent time with [his] federal case."[5]

Long asks this Court to transfer him from state custody to federal custody for service of his sentence.[6]  In case number 2:13-cr-00041-GMN-GWF, Long filed a petition for writ of habeas corpus and motion to transfer, requesting the same transfer to federal custody that he requests now, but his request was denied on June 21, 2022.  In that case, the Court found that Long "does not have a right to compel his extradition from state to federal custody," and because "the State of Nevada has not relinquished custody of" Long, "the Court cannot order his transfer to federal custody."

## Discussion

Long's petition is plagued by numerous defects.  First, Long's petition does not name the proper respondent.  A habeas petition must be directed at the person having custody over the prisoner, and the immediate custodian is generally the warden of the facility where the petitioner is confined.[7]  Long contends that he is being held at the Southern Desert Correctional Center where Ronald Oliver is the warden.  Instead of naming Ronald Oliver as a respondent in this action, Long incorrectly names the United States of America.  Second, Long's petition was not filed on the appropriate form or in substantial compliance with the form.  Rather, Long's petition is written on a motion form.  Third, "[f]ederal prisoners are required to exhaust their federal

---

[4] I also take judicial notice of the Eighth Judicial District Court's docket in case number C-22-362543-2.

[5] ECF No. 1-1 at 2.

[6] *Id*. at 3.

[7] *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."[8]  "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence."[9]  Thus, questions concerning the execution of a sentence should be presented to the Bureau of Prisons in the first instance, and only after exhausting these administrative remedies may a petitioner seek review of the Bureau of Prison's decision under § 2241.[10]  Long's petition does not demonstrate that he has exhausted his federal administrative remedies.

## Conclusion

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus **[ECF No. 1-1] is DISMISSED without prejudice**.  A certificate of appealability is denied as jurists of reason would not find the dismissal of this action on these grounds to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court:

- **SEND** Long a blank copy of the form petition for a writ of habeas corpus under 28 U.S.C. § 2241 along with instructions **AND** a blank copy of the IFP application form for inmates along with instructions.
- **ENTER FINAL JUDGMENT** dismissing this action without prejudice.
- **CLOSE THIS CASE**.

---

[8] *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997–98 (9th Cir. 2004).
[9] *United States v. Wilson*, 503 U.S. 329, 335 (1992).
[10] *See id*.

If Long decides to file a new 28 U.S.C. § 2241 petition on the correct form to correct the defects identified in this order, he must do so in a new case.[11]

Dated: February 27, 2024

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] Because Long appears to challenge, at least in part, the execution of his federal sentence, a 28 U.S.C. § 2241 petition may be the correct vehicle for such a challenge. However, I note that courts do not normally decide whether a state or the federal government has priority of custody over the other. Rather, determining "priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns." *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980).